

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00046-CR

_____

FRANK JEFFERY BLACK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Franklin County, Texas
Trial Court No. F8622

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

In 2011, pursuant to a plea agreement, Frank Jeffery Black pled guilty to unauthorized use of a motor vehicle, a state jail felony.[1] Black also pled true to the State's enhancement allegations showing that he was previously convicted of two felonies, thereby making his offense punishable as a second-degree felony in accordance with the law applicable at the time.[2] Pursuant to the terms of his plea agreement, Black was placed on deferred adjudication community supervision for a period of five years and ordered to pay a $2,000.00 fine. In 2012, the State moved to revoke Black's community supervision and to proceed to an adjudication of his guilt, alleging seven distinct violations of Black's community supervision. Black pled true to all the allegations and, after an evidentiary hearing, the trial court granted the State's motion. Black was sentenced to eleven years' imprisonment.[3] Black appeals.

Black's attorney on appeal has filed a brief which stated that she has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the trial proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig.

---

[1]TEX. PENAL CODE ANN. § 31.07(b).

[2]*See* Act of May 11, 2009, 81st Leg., R.S., ch. 87, § 25.150, 2009 Tex. Gen. Laws 208, 373 *amended by* Act of May 25, 2011, 82d Leg., R.S., ch. 834, § 8, 2011 Tex. Gen. Laws 2104, 2105.

[3]No fines or fees were imposed in the trial court's judgment adjudicating guilt.

proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On July 5, 2019, counsel mailed Black a copy of the brief, the motion to withdraw, and a pro se motion for access to the appellate record lacking only Black's signature. Black was informed of his right to review the record and file a pro se response. By letter dated July 8, 2019, this Court informed Black that his pro se motion for access to the appellate record was due on or before July 23, 2019. After the deadline to receive Black's motion passed, we notified Black on August 6, 2019, that his pro se response was due on or before September 5, 2019. On September 18, 2019, we further informed Black that the case would be set for submission on the briefs on October 9, 2019. We received neither a pro se response from Black nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

3

We affirm the judgment of the trial court.[4]


Ralph K. Burgess
Justice

Date Submitted:        October 9, 2019
Date Decided:          October 16, 2019

Do Not Publish

---

[4]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.